CELIA McGUINNESS, Esq. (SBN 159420)
cmcguinness@dmglawfirm.com
DEBORAH GETTLEMAN, Esq. (SBN 267309)
dgettleman@dmglawfirm.com
DERBY, McGUINNESS & GOLDSMITH, LLP
1999 Harrison Street, Suite 1800
Oakland, CA 94612
Telephone: (510) 987-8778
Facsimile: (510) 359-4419
eservice@dmglawfirm.com

Attorneys for Plaintiff
SYDNEY SKOCHKO

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY SKOCHKO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MERCY HOUSING, INC. dba NEBRASKA MERCY HOUSING, INC.; MERCY HOUSING CALIFORNIA; and MERCY HOUSING MANAGEMENT GROUP, INC.,<br><br>　　　　Defendants. | CASE NO.   4:20-cv-08659-JSC<br><br><u>Civil Rights</u><br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br><u>Hearing</u><br>Date:  August 11, 2022<br>Time:  9:00 a.m.<br>Place:  Video Conference<br>https://cand-uscourts.zoomgov.com/j/1600696279?pwd=alhQNWM1N3kvcjZyUnJ6YlB6aXR3QT09<br><br>Meeting ID: 160 069 6279<br>Passcode: 019639<br><br>Judge:  Hon. Jacqueline Corley |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................... 1

    POINTS AND AUTHORITIES ..................................................................................... 2

    I.   Because Defendants Concede They Ignored Plaintiff's Accommodation Request for a *Rental* Hospital Bed During the Relocations in June and November, Plaintiff's Motion Should Be Granted. ........................................................................................................... 2

    II.  Defendants Misstate the Legal Framework for Analyzing a Failure to Accommodate Claim and Fail to Establish an Affirmative Defense. ................................................... 4

        A.    Plaintiff Need only establish that her request for accommodation is reasonable on its face, not disprove Defendants' potential affirmative defenses. ............................... 4

        B.    Plaintiff has established a *prima facie* case for discrimination based on a refusal to grant her reasonable accommodation. ........................................................... 6

        C.    Defendants' affirmative defense as to the request for a personal hospital bed cannot be sustained because they rely on irremediable hearsay which they made no effort to substantiate even when presented with contrary information; Objection to Evidence. ...................................................................................................... 8

        D.    Since Defendants do not raise a dispute of fact sufficient to establish their affirmative defense, their suggested alternative accommodations are immaterial, and unreasonable as well. ................................................................................... 10

    III. Plaintiff's Evidence is Admissible. .............................................................................. 13

CONCLUSION .................................................................................................................................. 15

Case 3:20-cv-08659-JSC   Document 76   Filed 07/21/22   Page 3 of 19

# TABLE OF AUTHORITIES

**CASES**

*Alamillo v. BNSF Railway Co.*,
  869 F.3d 916 (9th Cir. 2017) ........................................................................................................ 7

*Anderson v. Liberty Lobby, Inc.*,
  477 US 242 (1986) ........................................................................................................................ 9

*Auburn Woods I Homeowners Ass'n v. Fair Emp. and Housing Comm.*,
  121 Cal.App.4th 1578 (2004) ................................................................................................. 5, 11

*Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*,
  765 F.3d 1277 (11th Cir. 2014) .................................................................................................. 11

*Castellano v. Access Premier Realty, Inc.*,
  181 F. Supp. 3d 798 (E.D. Cal. 2016) .......................................................................................... 6

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ..................................................................................................................... 3

*Cf. JL Beverage Co., LLC v. Jim Beam Brands Co.*,
  828 F.3d 1098 ( 9th Cir. 2016) ........................................................................................ 8, 13, 14

*Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*,
  453 F.3d 1175 (9th Cir. 2006) ...................................................................................................... 5

*Elliot v. QF Circa 37, LLC*,
  2018 WL 2933467 (S.D. Cal. June 12, 2018) .......................................................................... 6, 7

*Fraser v. Goodale*,
  342 F.3d 1032 ( 9th Cir. 2003) ............................................................................................... 8, 13

*Giebeler v. M & B Assocs.*,
  343 F.3d 1143 (9th Cir. 2003) ............................................................................................ 5, 6, 10

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986) ..................................................................................................................... 3

*Orr v. Bank of Am., NT & SA*,
  285 F.3d 764 (9th Cir. 2002) ........................................................................................................ 9

*Rollins v. Dignity Health*,
  336 F.R.D. 456 (N.D. Cal. 2020) ................................................................................................. 5

*United States v. Kirk*,
  844 F.2d 660 (9th Cir. 1988) ...................................................................................................... 14

*Smith v. Powdrill*,
  2013 WL 5786586 (C.D. Cal. Oct. 28, 2013) .............................................................................. 5

*United States v. California Mobile Home Park Mgmt. Co.*,
  107 F.3d 1374 (9th Cir. 1997) ...................................................................................................... 5

PL.'S REPLY TO DEFS' OPP'N

*Wong v. Regents of Univ. of California*,
    192 F.3d 807 (9th Cir. 1999)......................................................................................... 7

**OTHER AUTHORITIES**

Joint Statement Dep't Hous. & Urban Dev. And Dep't Justice, Reasonable Accommodations
    Under The Fair Housing Act, p8. (2004) ..................................................................... 6

**REGULATIONS**

Cal. Code Regs, tit. 2 § 12177(c) ............................................................................... 10, 11

Cal. Code Regs. tit. 2 § 12179.......................................................................................... 6

# INTRODUCTION

Defendants' Opposition brief concedes they denied Plaintiff's reasonable accommodation request for a rented hospital bed, both in June and in November 2019. In fact, Defendants ignored them. They never attempted to grant them, so ESA never denied them. Defendants have no "impossibility" defense for the rented hospital bed. Every other argument in the Opposition brief is in a sense immaterial, because Plaintiff prevails on that basis alone. There is no material dispute of fact that Defendants discriminated against Plaintiff under FHA, FEHA and DPA by denying her request for a rented hospital bed in her hotel room in June 2019 and again in November 2019.

However, looking at Plaintiff's original RA request for a personal hospital bed, Plaintiff also prevails. Defendants misstate the legal framework for analyzing a denial of a reasonable accommodation claim. Plaintiff need only show that her request was "reasonable on its face" or "in the ordinary run of cases." Then the burden shifts to Defendants to establish that their denial was justified, as an affirmative defense. Defendants' evidence does not support a finding that it was "impossible" to move Plaintiff's personal hospital bed because ESA wouldn't allow it. The entire defense is based on irremediable hearsay that some unknown ESA employee told them something at some point. It cannot be tested or confirmed. Defendants expect the trier of fact to accept it as true because they say so. It should not be admitted and no reasonable juror would rely upon it.

Defendants also argue the "alternative accommodations" they offered Plaintiff (in June and November) were reasonable, but they only get to make that argument if they have first established that granting Plaintiff's requested accommodation was impossible. Besides, their alternatives did not meet her needs, were offered too late, and Defendants stopped discussing them when Plaintiff tried to follow up with clarifying questions. Plaintiff's motion should be granted because Defendants have failed to establish a genuine dispute of material fact on any of Plaintiff's causes of action for either the June or the November relocations.

**POINTS AND AUTHORITIES**

**I.     Because Defendants Concede They Ignored Plaintiff's Accommodation Request for a *Rental* Hospital Bed During the Relocations in June and November, Plaintiff's Motion Should Be Granted.**

The Court should grant Plaintiff's Partial Motion for Summary Judgment because as a matter of law, Defendants denied Plaintiff's request for a rented hospital bed in June and November and have not produced *any evidence at all* that they denied it because Extended Stay America or any other housing accommodation told them rented hospital beds were not allowed. In fact, Defendants admit they never inquired whether a rented hospital bed was possible.

Plaintiff has presented sufficient evidence that she made a request for a rental hospital bed before her June relocation:  At deposition Plaintiff testified she had offered several suggestions to Defendants to ensure she was provided with a hospital bed during the June relocation, trying to accommodate their needs and hers:

> I think I did suggest renting a hospital bed but that the cost may be prohibited, so I am willing to take my hospital bed. But I did suggest, I believe at that point, that if the hotel was worried about hygiene, I couldn't guarantee mine was really hygienic, but the medical supply company could guarantee that theirs was really hygienic.

Cert. Transcript of February 8, 2022, Deposition of Sydney Skochko (Volume I), Supplemental Declaration of Deborah Gettleman in Support of Plaintiff's Motion for Partial Summary Judgment "Gettleman Suppl. Decl.", Ex 20, at 77:2-23.  Defendants' corporate representative bolsters Plaintiff's testimony.  Plaintiff sent an email directly to the relocation team on June 8, 2019, stressing their failure to reply to her repeated requests for a hospital bed. Ms. Weber testified this email indicated that "she, at that point, seem[ed] to allude to being fine with not [*sic*] her personal bed." Plaintiff's email to Defendants sent on June 8, 2019, ECF No. 67-1, Ex. 8; Defs.' Corp Designee Dep. Vol. II, ECF No. 72-3, Ex. D at 223:11-19.  Plaintiff's counsel also requested a hospital bed in writing on June 17, 2019, letter. ECF No. 67-1, Ex. 9.

Plaintiff also presented sufficient evidence that she made a request for a rental hospital bed before her November relocation: Plaintiff testified that prior to the relocation, she asked

Defendants to provide her a hospital bed. Skochko Dep. Vol. II, ECF No. 67-1, Ex. 4 at 238:4-25. Plaintiff's counsel sent a November 5, 2019, letter notifying Defendants that she was going to request ESA permit Plaintiff to have a hospital bed and "to be prepared to order and have a hospital bed delivered." ECF No. 67-1, Ex. 11. Then Plaintiff's counsel sent a second letter advising ESA had granted the request and again requesting Defendants provide Plaintiff a hospital bed. ECF No. 67-1, Ex. 13.

Defendants do not contest any of this evidence. And they do not dispute they did not provide Plaintiff a rented hospital bed in June or November. Plaintiff has satisfied her burden of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1968). Defendants have failed to do that.

Defendants admit they did not ask whether ESA would permit a rented hospital bed before relocating Plaintiff in June or November. Defs.' Corp. Designee Depo. Vol. II, ECF No. 67-1, Ex. 6, at 265:6-14, 265:24-266:1-17 (June); ECF No. 72-4 at 290:4-291:2-24 (November). ESA's corporate representative testified without contradiction that ESA received no verbal requests from Defendants and when conducting a search subject to a subpoena in this case, found no written requests either. ESA Corp. Designee Depo., ECF No. 67-1, Ex. 7 at 68:2-7 (written), 47:11-48:6 (verbal). Defendants also admit they never asked any other hotel if they would accept a rented hospital bed. Defs.' Corp. Designee Depo. Vol. II, ECF No. 67-1, Ex. 5 at 265:16-19. They never looked into the cost of renting a hospital bed or investigated vendors who they could rent from. *Id.* at 265:24-266:1-17.

Looking at Defendants' evidence in the best possible light, all of it relates to asking for a *personal* hospital bed, the original request. At some point before the June relocation Nakeema Dogan, Defendants' relocation coordinator, asked the ESA Emeryville that Plaintiff have an ADA-compliant room and be permitted to bring in <u>her personal hospital bed</u>. Defs.' MSJ, ECF

No. 68 at 11:18-22. According to Nakeema Dogan, the ESA employee said that "Plaintiff would be unable to bring in <u>her own bed</u>." *Id.* at 12:1-2. A subsequent call to that hotel "confirmed that the selected location could not move the furniture in the ADA-compliant room." *Id.* at 12:4-6. Ms. Dogan also "contacted the other two Extended Stay America locations near Oakland as well as other hotels in the area." *Id.* at 12:8-9, citing Dogan Decl., ECF No. 68-3 ¶ 11 testifying that she asked for an ADA room and her personal hospital bed). Tia Ramirez "researched" "whether rental apartments with ADA-compliant rooms were available that would accept <u>Plaintiff's personal hospital bed</u>" and "whether a medical/convalescent facility had a hospital bed on the premises or would allow Plaintiff to bring <u>her personal hospital bed</u>." Weber Decl. in Support of Defs.' MSJ, ECF No. 68-2 ¶ 52. And Tia Ramirez asked the ESA Emeryville hotel if she could "lease" a unit and whether convalescent homes could provide short term stay options. Weber Decl. in Support of Defs.' MSJ, ECF No. 68-2 ¶ 53. That is the sum of Defendants' evidence. None if it shows any effort to grant Plaintiffs' June and November requests that Defendants to rent her a hospital bed and have it delivered to a hotel during the relocation.

As to Plaintiff's reasonable accommodation requests in June and November 2019 that Defendants rent a hospital bed for her use during relocation, Defendants have not raised a material dispute of fact because they have presented no evidence at all. Plaintiff's motion for partial summary judgment should be granted as to these requests.

**II.   Defendants Misstate the Legal Framework for Analyzing a Failure to Accommodate Claim and Fail to Establish an Affirmative Defense.**

**A. Plaintiff Need only establish that her request for accommodation is reasonable on its face, not disprove Defendants' potential affirmative defenses.**

To prevail on a failure to accommodate claim under the FHA, FEHA or DPA, Plaintiff must demonstrate that 1) she is a person with a disability, 2) Defendants knew or should have known of the disability, 3) the accommodation is necessary to afford her an equal opportunity to

use and enjoy her housing[1] and 4) Defendants refused to make the accommodation. *Giebeler v. M & B Assocs.,* 343 F.3d 1143, 1147 (9th Cir. 2003); *Auburn Woods I Homeowners Ass'n v. Fair Emp. and Housing Comm.,* 121 Cal.App.4th 1578, 1592, 18 Cal.Rptr.3d 669 (2004), (FEHA); *Smith,* No. CV 12-06388 DDP RZX, 2013 WL 5786586, at *10 (DPA). Defendants cite to *Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006), which adds an additional element that "the accommodation is reasonable." Oddly, *Dubois* never cites *Giebeler.* It does cite *United States v. California Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir. 1997), but *California Mobile Home Park Management's* recitation of the elements of a reasonable accommodation claim is the same as *Giebeler's. Id.* It does not include a "reasonableness" element either. *Dubois* did not even turn on a reasonableness issue. The court assumed the request was reasonable and determined that the defendant had not denied it. *Dubois,* 453 F.3d at 1179.

Since a case is not authority for a proposition not considered, *Rollins v. Dignity Health*, 336 F.R.D. 456, 467 (N.D. Cal. 2020), the better analysis is to rely on *Giebeler* for its statements of the elements of a reasonable accommodation claim. *Giebeler* thoroughly analyzed the four elements and the reasons for each one. 343 F.3d 1143. After considering analogous approaches under the ADA and Section 504 of the Rehab. Act, *Giebeler* held that a plaintiff's obligation to show "reasonableness" is merely a prima facie burden that arises when a defendant brings an undue burden defense. *Id.* at 1156-1157. The plaintiff need only show that the requested accommodation "seems reasonable on its face" and is "possible." *Giebeler,* 343 F.3d at 1156. Once Plaintiff offers evidence to meet this low threshold, the burden shifts to Defendants to establish that the request is unreasonable because it imposes a fundamental alteration in the nature of the program or services they provide, or an undue financial or administrative burden. *Giebeler* 343 F.3d at1157; *see also*

---

[1] Defendants suggest Plaintiff's hospital bed may not be necessary because she "chose" to relocate without her bed and said she was "fine" less than 24 hours later. Defs. Opp'n, ECF. No. 73 at 18: 4-6. However, Defendants admitted her "obvious need for [the] accommodation" at the outset. RA and Report May 29, 2019, ECF 67-1, Ex 1. Plaintiff did not "choose" to relocate without her hospital bed, she simply did not want to be trapped in her unit. Plaintiff's Counsel's June 19, 2019, email, ECF No. 72-6, Ex. F (Bates No. Skochko-0094). Plaintiff warned Defendants she would be in pain without a hospital bed. ECF No. 72-1 Ex. A (Skochko Dep. I at 82:3-18). And she was. ECF No. 72-2, Ex. B (Skochko Dep. II at 215:15-20). Of course, the accommodation was necessary.

HUD/DOJ Joint Statement at 7[2]; Cal. Code Regs. tit. 2, § 12179. Instead, Defendants lay their burden at the feet of Plaintiff, arguing that the request was not reasonable because she could not prove it was possible. Defendants are inverting the undue administrative burden defense.

Defendants rely on *Elliott v. QF Circa 37, LLC*, No. 16-cv-0288-BAS-AGS, 2018 WL 2933467 (S.D. Cal. June 12, 2018); and *Evans ForKids v.* 306 F. Supp. 3d 827 (E.D. Va. 2018) to support their argument. Both of those cases involve a tenant's request to be transferred to a ground floor apartment, a request that is "reasonable" and in "the ordinary run of cases." *See Giebeler* 343 F.3d at 1157; *Elliot*, No. 16-cv-0288-BAS-AGS, 2018 WL 2933467 at *11 (request to relocate to a lower-floor apartment is reasonable on its face, collecting cases). Therefore, in those cases, the analysis skipped over the prima facie proof element straight to the question of whether Defendants proved unreasonableness. In both cases, the courts found that the *defendants* proved the requests were unreasonable because there were no ground floor units available. The opinions assume the defendants have the burden without stating it expressly.

### B. Plaintiff has established a *prima facie* case for discrimination based on a refusal to grant her reasonable accommodation.

Plaintiff has met her *prima facie* burden by satisfying all of the elements of an FHA claim and showing that providing a hospital bed is "reasonable on its face" and "possible." *Giebeler*, 343 F.3d at 1156. Defendants' Motion admits that "Defendants intended to and attempted to grant both of Plaintiff's requests," which acknowledges that they requests were facially reasonable. Defs. Opp'n, ECF No. 73 at 3:4-5. Further, Defendants ultimately granted the request (ECF No. 67-1, Ex. 19 at 9:5-7), which is evidence that the request poses neither an undue financial or administrative burden and is therefore reasonable. *Giebeler*, 343 F.3d at 1158 (holding accommodation request was reasonable because Defendants had on occasion already granted it); *Castellano v. Access Premier Realty, Inc.*, 181 F. Supp. 3d 798, 807 (E.D. Cal. 2016) (holding accommodation request was reasonable because they had granted it in the past for other

---

[2] <u>Joint Statement Dep't Hous. & Urban Dev. And Dep't Justice, Reasonable Accommodations Under The Fair Housing Act</u>, ("HUD/DOJ Joint Statement") (2004) located at: https://www.justice.gov/sites/default/files/crt/legacy/2010/12/14/joint_statement_ra.pdf (last accessed 7/5/2022).

tenants); *Wong v. Regents of Univ. of California*, 192 F.3d 807, 820 (9th Cir. 1999) ("The fact that the school previously made the exact modification [] that Wong requested [], however, is certainly persuasive evidence from which a jury could conclude that the accommodation was reasonable.").

   Defendants rely on one employment case to support their position that the reasonableness of a request cannot be established retroactively. Defs.' Opp'n, ECF No. 73 at 15:4-16:1-3. In *Alamillo v. BNSF Railway Co.*, 869 F.3d 916, 922 (9th Cir. 2017), the Court held that an employee could not request a reasonable accommodation for prior misconduct. It relied on EEOC guidance (which Defendants also cite): "Since reasonable accommodation is always prospective, an employer is not required to excuse past misconduct even if it is the result of the individual's disability."

   Defendants' application of this guidance misses the mark. Plaintiff is not requesting a retroactive accommodation to avoid the ramifications of prior misconduct. She is offering the fact that Defendants ultimately granted the accommodation request as evidence of its reasonableness; that it is possible. Courts have held that such evidence is proper, even in retrospect when the accommodations are granted after a lawsuit was filed. *Montano v. Bonnie Brae Convalescent Hosp., Inc.,* 79 F. Supp. 3d 1120, 1127 (C.D. Cal. 2015) (finding that Defendants had already effectuated the accommodation request, "albeit after the lawsuit was filed" was evidence of its reasonableness).

   Reasonableness here is not speculative. The evidence shows that in March 2019, Plaintiff requested Defendants move her hospital bed during a mandatory relocation. Having had no response and with the relocation date fast approaching, she and her representatives requested they try to obtain a rental hospital bed as an alternative. These requests are reasonable on its face and also possible. The overwhelming evidence is that ESA's policy in 2019 was to grant such an accommodation, ESA Corp. Designee Dep. ECF No. 67-1, Ex. 7 at 32:21-25, but Defendants never asked about a rental hospital bed. Defs.' Corp. Designee Depo. Vol. II, ECF No. 67-1 Ex. 6 at 265:6-14, 265:24-266:1-17 (June); ECF No. 72-4 at 290:4-291:2-24 (November). When

Defendants finally granted the request for a rented hospital bed it took less than one day to rent and deliver to Plaintiff's hotel room. Def. MHMG Supp. Resp. to Pl., Rog No. 10, ECF No 67-1, Ex. 19 at 8:19-9:1-7.

### C. Defendants' affirmative defense as to the request for a personal hospital bed cannot be sustained because they rely on irremediable hearsay which they made no effort to substantiate even when presented with contrary information; Objection to Evidence.

In Section I Plaintiff explained why it is undisputed that Defendants cannot even raise an "impossibility" defense to her June and November accommodation requests for a rented hospital bed: They concede denied those requests without even asking ESA or any other facility whether rented beds were allowed. In this section Plaintiff demonstrates that Defendants cannot establish a dispute of fact as to their affirmative defense of "impossibility" regarding Plaintiff's original June request to move her personal hospital bed to the hotel.  Defendants' evidence that ESA told them they would not allow a personal hospital bed is weak and unsubstantiated and should be inadmissible.

Fundamentally, Defendants' entire case for rejecting Plaintiff's request for a personal hospital bed is based on inadmissible hearsay. They claim some unknown person at ESA told them at some unspecified time that personal hospital beds weren't allowed, and another time that furniture in an ADA room could not be moved. This is classic hearsay, out of court statements offered for the truth of the matter asserted.  FRE 801(c).  Also, it cannot be tested.  Defendants kept no record and have no idea who told them. Defs.' Corp. Designee Depo. Vol. I, ECF No. 67-1 Ex. 5 at 141:21-142:1, 144:18-145:1-10. Therefore, it is appropriate to raise this objection on summary judgment because Defendants' evidence cannot get better at trial. There is no nonhearsay way to introduce the evidence.  Cf. *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016), *Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003).

Defendants rely upon these out of court statements as the entire foundation of their opposition to Plaintiff's motion. They claim that what they were told was *true*. They claim they "would have granted" the RA but for the "impossibility" posed by "a third party's policy." Defs.'

Opp'n, ECF No. 73 at 7:19-21; 3:3-12. Their defense is that the request for a hospital bed at ESA was not possible. *Id.* at 14:9-11. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 779 (9th Cir. 2002) (whether used as direct evidence or to support a circumstantial inference that something is true, out of court statements are hearsay unless there is a nonhearsay exception). They want the trier of fact to accept these statements as true on their face. *Id.* Therefore, Plaintiff objects to the following evidence as incurable hearsay: Declaration of Nakeema Dogan paragraph 9, 14; Declaration of Melissa Weber, paragraphs 45, 50, and Exhibit J.[3] Plaintiff requests the Court strike the hearsay from the record.

      Even if admitted, Defendants could not convince a reasonable juror that although they never took any notes, some unidentified ESA employee told them on some unspecified date that a personal hospital bed was not allowed and furniture could not be moved. They assert it is true even though when presented directly with information that ESA *would* allow a hospital bed, Defendants did nothing to determine if the information was true. Defs.' Corp. Designee Depo. Vol. II, ECF No. 67-1 Ex. 6 at 259:18-260:3, 260:17-261:1-5, 261:11-21, 265:6-14, 265:24-266:1-17 (June); Def. MHMG Supp. Resp. to Pl., Rog No 10, ECF No 67-1, Ex. 19 at 7:16-18 (November; admitting Defendants contacted the hotel to ask about an accessible room but did not ask about allowing a hospital bed).

      Their testimony simply cannot be credited, particularly in the face of ESA's testimony that they never received any verbal request from Mercy, if they had received one they would have granted it, and their written policy at the time included moving furniture. ESA Corp. Designee Depo., ECF No. 67-1, Ex. 7 at 47:11-48:1-6 (no verbal requests); *Id.* at 48:7-14 (would have granted it); *Id* at 27:6-20 (written policy). *See Anderson v. Liberty Lobby, Inc.,* 477 US 242, 252 (1986) (The mere existence of a scintilla of evidence … will be insufficient; there must be evidence on which the jury could *reasonably* find for the [moving party]").There simply is not sufficient evidence that a reasonable juror could credit to raise a genuine dispute of fact that it

---

[3] Plaintiff also incorporates here her objections to evidence from her Opposition to Defs' MSJ. ECF No. 71 at 2:5-3:1-17.

was "impossible" to grant Plaintiff's original June 2019 RA request for transportation of her personal hospital bed for the relocation.

### D. Since Defendants do not raise a dispute of fact sufficient to establish their affirmative defense, their suggested alternative accommodations are immaterial, and unreasonable as well.

As a matter of law, Defendants cannot defend their denial of Plaintiff's reasonable accommodations by citing alternatives they offered. First, Plaintiff is entitled to the accommodation of her choice unless Defendants prove it unreasonable under *Giebeler*. Second, if the preferred accommodation is unreasonable, Plaintiff is still entitled to receive an alternative that meets her needs. Defendants cannot even discuss their alternatives until they have carried their burden of proving their affirmative defense and establishing Plaintiff's initial request was unreasonable. Even so, their alternatives themselves were unreasonable because they did not provide Plaintiff with an equivalent to her hospital bed.

Both the FHA and FEHA guidance expressly state that a tenant is entitled to the accommodation of her choice. If a tenant's preferred accommodation request is reasonable, they are "not obligated to accept an alternative accommodation suggested by the provider if [they] believe[] it will not meet [their] needs." HUD/DOJ Joint Statement at 8. The FEHA regulations state that the tenant's preferred accommodation must be granted unless it poses a fundamental alteration or undue burden, in which case the landlord "must try to identify if there is another accommodation that is equally effective" and "engage in a timely, good faith, interactive process." Cal. Code Regs, tit. 2 § 12177(c), (a).

Since Plaintiff's request for a rented hospital bed was reasonable on its face and Defendants have no evidence to suggest that granting it would have caused them an undue burden or fundamental alteration, she was entitled to receive it. *See Giebler,* 343 F.3d at 1157. Defendants' arguments about alternatives should be disregarded.

Assuming *arguendo* there was some reason to discuss alternatives to Plaintiff's request for a hospital bed, personal or rented, in her hotel room, Defendants' alternatives patently failed to offer Plaintiff any equivalency. An alternative reasonable accommodation must in the first

instance be reasonable, meaning it must actually provide equal access by "address[ing] the needs the disability creates." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.,* 765 F.3d 1277, 1288 (11th Cir. 2014). In other words, it must alleviate the effects of the disability. *Id.* In addition, the alternative accommodation has to be "equally effective" as the requested accommodation. HUD/DOJ Joint Statement at 8. "Equally effective means that the alternative accommodation or modification will allow the person with the disability to use and enjoy a dwelling or housing opportunity as well as the requested accommodation or modification would have." Cal. Code Regs, tit. 2 § 12177(c). Plaintiff notified Defendants before her relocation that without a hospital bed she would be in excruciating pain. Skochko Depo Vol. I, ECF No. 72-1, Ex. A at 80:16-81:1-4. Therefore, any alternative accommodation without a hospital bed is not a reasonable one.

Defendants represent that they started trying to find a hotel for Plaintiff in March 2019 but "none of the hotels Ms. Dogan contacted would permit Plaintiff to bring in her personal hospital bed for the June 2019 relocation." Weber Decl. ECF No. 73-3 ¶ 45. Fair Housing laws requires a landlord who believes they cannot grant an initial reasonable accommodation request "open a dialogue" and discuss proposed alternatives. *Auburn Woods I Homeowners Ass'n. v. Fair Employ. & Hous. Comm'n.*, 121 Cal. App. 4th 1578, 1598, 18 Cal. Rptr. 3d 669, 688 (2004); Cal. Code Regs, tit. 2 § 12177(c); HUD/DOJ Joint Statement at 7. Defendants produce no evidence that between March and June they ever spoke to Plaintiff about their inability to grant her request and alternatives.[4] Defs.' Corp. Designee Depo. Vol. I , ECF No. 67-1, Ex. 5, at 194:12-20. They only engaged with her counsel after her counsel sent them an email on June 11, 2019, eight days before relocation. ECF No. 72-9, Ex. I. They didn't provide any alternatives until the very day Plaintiff had to relocate:

1. Remain in her unit for two months, having to rely on third parties to pick up groceries and prescriptions and utilizing an unconfirmed service with a mechanical stair climber to exit and enter the building that "Mercy is currently in discussion with."

---

[4] If a landlord lacks information needed to grant an RA, it has the obligation to ask the tenant. *Jankowski Lee & Assoc. v. Cisneros,* 91 F.3d 891, 895 (7th Cir. 1996) (holding landlord violated the FHA by denying a RA without asking for information he needed to grant it). Defendants admit they never asked Plaintiff for her hospital bed specs or the name of the ESA employee who told her hospital beds were allowed. Defs.' Corp. Designee Depo. Vol. II, Gettleman Suppl. Decl. Ex. 21 at 313:20-315:1-5. The burden to seek information was on them, not her.

2. Relocate to the Extended Stay America and be reimbursed for the reasonable purchases of medical support cushions/devices/equipment that could help make the hotel bed "more like" a hospital bed.

3. Relocate to a hotel that is not ADA-compliant but where she could bring a hospital bed but she would need to relocate after 29 days to avoid establishing tenancy and ***Plaintiff will be responsible for making the arrangements to move her bed into and out of the hotel***.

Def. Counsel email, ECF No. 67-1, Ex 10 (emph. added).[5]

None of these alternatives are reasonable. The first option leaves Plaintiff trapped in the building, which is why Defendants relocated her in the first instance. The second option does not provide a hospital bed; support cushions are not "equally effective" as the requested accommodation. The third option does not provide an ADA accessible room or a hospital bed, but instead puts the onus on Plaintiff to make all arrangements for transporting her bed *and* requires her to move every 29 days.

In November, the alternative accommodation Defendants offered to Ms. Skochko, *seven days into the relocation*, was to "reimburse Plaintiff up to $1,500 for the rental or purchase of medical devices while [] at the Extended Stay America." Def. MHMG Supp. Resp. to Pl., Rog No 10, ECF No. 67-1, Ex. 19 at 8:2-4. This was not a reasonable alternative.

Defendants employed a staff of people to facilitate relocations. Weber Decl. ECF No. 68-2, ¶ 39. Ms. Skochko is a person with physical disabilities who had already spent a week in great pain. Skochko Depo. Vol I, ECF No. 72-1 Ex. A, at 82:3-18. Ms. Skochko earns a total of $886 per month. Skochko's Tenant Income Certification 2018-2019, ECF No. 67-1, Ex. 18. Defendants have the resources to secure this accommodation, but instead they put the onus on Plaintiff to locate a company that rents hospital beds, arrange the delivery with the hotel and somehow come up with nearly twice her monthly income to rent it.

The options Defendants presented to Plaintiff instead of granting her accommodation request were unreasonable. Plaintiff asked to be relocated and have access to a hospital bed.

---

[5] Defendants' brief misstates their offer. They did not promise that "MHMG would move" Plaintiff's bed. Defs.' Opp'n at 3:14-15. *See* the offer *supra,* and Ms. Weber's Declaration, ECF No. 73-3 ¶ 16.

Defendants' alternatives did not include access to a hospital bed and therefore were not equally effective.

### III. Plaintiff's Evidence is Admissible.

| Gettleman Dec. | Defendants' Objection | Plaintiff's Response |
|---|---|---|
| ¶ 3 and Ex. 1 | Inadmissible hearsay, FRE 801 802; declarant lacks personal knowledge. | Ex. 1 is Plaintiff's May 29, 2019, "Reasonable Accommodation Request and Report by Property Manager", a form created by Defendants, MERCY_00965-966. Defendants admit the truth of its contents in their interrogatory responses: "Plaintiff submitted a Reasonable Accommodation Request dated May 29, 2019, for (1) an ADA compliant hotel room and (2) transportation of her medical bed to and from the relocation destination. (*See, e.g.*, MERCY_00964-00966.)." ECF No. 67-1, Gettleman Dec. Ex. 19 at 6:11-13.<br><br>It is a party admission that the RA should be granted. FRE 801(d)(2). Further, "at summary judgment a district court may consider hearsay evidence submitted in an inadmissible form, so long as the underlying evidence could be provided in an admissible form at trial, such as by live testimony." *JL Beverage Co., LLC,* 828 F.3d at 1110; *Fraser,* 342 F.3d at 1036–37. Plaintiff and Mr. Price could testify at trial. |
| ¶ 4 and Ex. 2 | Inadmissible hearsay, FRE 801 802; declarant lacks personal knowledge. | Ex. 2 is an email from Defendants' property manager Brandon Price to other Mercy employees forwarding the May 29th RA request. Defendants admit its contents: "Brandon Price forwarded Plaintiff's Request to Nakema Dogan, Tia Rameriz and Jared Parker on May 30, 2019. (*See, e.g.*, MERCY_00964-00966.)" ECF No. 67-1, Gettleman Dec. Ex. 19 at 6:13-15. They also are admissible as a statement against interest. FRE 801(d)(2). Finally, responding to Defendants' objection, on its face it was sent in the scope of business: a business email address with a Mercy signature block, discussing relocation business. *See also JL Beverage Co., LLC, supra.* |
| ¶ 10 and Ex. 8 | Inadmissible hearsay, FRE 801 802; declarant lacks personal knowledge. | Ex. 8 is Plaintiff's email to Defendants on June 8, 2019. It is offered as proof that she made an RA request on that date. Defendants both admit they received it and rely on its contents. Defs. Opp'n 8:18-21. Ms. Weber also testified |

| | | |
|---|---|---|
| | | to its receipt and contents. Defs Corp Rep Dep. Vol. II at 189:20-190:1-10. It also is offered for the nonhearsay purpose of effect on the recipient: Plaintiff contends that having received it, Defendants did not respond to it or ask ESA to allow a hospital bed. *See United States v. Kirk*, 844 F.2d 660, 663 (9th Cir. 1988). |
| ¶ 18 & Ex. 15 | Irrelevant, FRE 401; Inadmissible hearsay, FRE 801 802, confusion, undue consumption of time, FRE 403. | Ex. 15 is Plaintiff's Counsel's March 25, 2021 email to Defense Counsel, requesting a hospital bed for Plaintiff's 2021 relocation. Defendants admit they received it, admit its contents, acted upon it, and eventually granted the main request. ECF No. 67-1, Gettleman Dec. Ex. 19 at 8:10-9:16. it also is offered for the nonhearsay purpose to explain subsequent behavior. *Kirk, supra.*<br><br>Plaintiff explains *supra* at *p. 6:18-8:3* why evidence that Defendants granted Plaintiff's RA for a hospital bed in 2021 is relevant to defeat their affirmative defenses. |
| ¶ 19 & Ex. 16 | Irrelevant, FRE 401, 403, lacks personal knowledge; inadmissible hearsay, FRE 801, 802. | Ex. 16 is an email from Plaintiff's counsel to Defense counsel responding to their initial denial of the March 25, 2021, RA request with evidence that ESA would accept a hospital bed. Plaintiff incorporates here her response to the prior objection. As to the attached email from ESA, ESA's corporate representative also testified to its contents. ESA Corp Rep. Depo., Gettleman Suppl. Decl. Ex. 22 at 62:14-64:1-10. Defendants had an opportunity to cross examine. ESA also can testify at trial. *JL Beverage Co., LLC, supra.* |
| ¶ 20 and Ex. 17 | Irrelevant, FRE 401, 403, inadmissible hearsay, 801, 802. | Ex. 17 is Defendants' receipt for the hospital bed they rented in March 2021. It is relevant to show reasonableness and it would be admissible at trial through Ms. Weber. *JL Beverage Co., LLC, supra.* |
| ¶ 21 and Ex. 18 | Irrelevant, FRE 401 Inadmissible hearsay, 801, 802.<br>Lack of foundation 302 | Ex. 18 is Plaintiff's Tenant Income Certification Form 2018-2019. The document itself is admissible as Defendants' business record. FRE 803(6). The income information is offered for the nonhearsay purpose of effect on the receiver, Defendants. *Kirk, supra.* It informs counsels' discussion about whether it was reasonable to require Plaintiff to pay for the RA. ECF No. 67-1, Ex. 14. In any event, Plaintiff will testify at trial to her income and to the fact that Defendants knew it well. *JL Beverage Co., LLC, supra.* |
| ¶ 23 | Misstates the evidence. "Declarant argues that | It is a plain fact that Defendants have not produced any "written communications |

14
PL.'S REPLY TO DEFS' OPP'N

| | |
|---|---|
| Defendants have 'produced no written communications between Mercy Housing and Extended Stay America' or Mercy Housing and any other hotel, or any documented rejection of these requests. This is a gross misstatement, . . . . Defendants produced email correspondence that referred to a conversation in which Defendants' employee was told that the Extended Stay America location could not move the future in the ADA-compliant room. *See . . ."Weber Decl." ¶¶ 3, 8-10, 12-13, 46, 49-50, Ex. J and . . . Younkin Decl. . . ¶ 13, Ex. L . . .. Weber Decl. ¶¶ 13-14." . . . Lacks personal knowledge. | *between Mercy Housing and ESA*, or *between Mercy Housing and any hotel, extended stay facility, apartment complex, Airbnb or other temporary housing entity*, documenting any effort by any Mercy employee or agent to make a reasonable accommodation request for a hotel bed on behalf of Ms. Skochko, or any documented rejection of a request." Gettleman Decl. ¶ 23, emph. added. Ms. Gettleman testifies from her personal knowledge about what Defendants produced in discovery.<br><br>The email that Defendants refer to in their objection (Ex. J and Ex. L, same document) was not sent *from or to* ESA. It is merely one Mercy employee telling other mercy employees that ESA doesn't allow furniture to be moved. It does not even name an ESA source. It does not contradict Ms. Gettleman's declaration. Ms. Weber's declaration is similar. |

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court Grant Plaintiff's Partial Motion for Summary Judgment, finding violations of FHA, FEHA, and DPA in June 2019 and in November 2019.

Respectfully Submitted,

Date: July 21, 2022                                    DERBY, McGUINNESS & GOLDSMITH, LLP

                                                       /s/ Celia McGuinness
                                                       By:   Celia McGuinness, Esq.
                                                             Attorneys for Plaintiff
                                                             Sydney Skochko